IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TIEDEMANN<br>10 Field Trail<br>Fairfield, PA 17320<br>     Plaintiff,<br><br>vs.<br><br>NRA GROUP, LLC d/b/a<br>NATIONAL RECOVERY AGENCY<br>2491 Paxton Street<br>Harrisburg, PA 17111,<br>     Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

I. **INTRODUCTION**

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. The FDCPA prohibits debt collectors from harassing and abusing consumers with incessant telephone calls in the effort to collect a debt. A debt collector may not communicate with a consumer if it knows that consumer is represented by an attorney, and that attorney has asked the debt collector to cease and desist its harassing collection communications.

3. Defendant debt collector has repeatedly, unabatedly, and incessantly called Plaintiff, a disabled Pennsylvania consumer, for over a year, often placing several calls a day to Plaintiff's home phone. A vast multitude of these calls came after a legal advocacy group for disabled people wrote to Defendant stating that they represented the Plaintiff and asking Defendant to cease and desist communications. Defendant made calls to third parties, including Plaintiff's sister, to Plaintiff's great humiliation. Defendant's conduct violated the FDCPA and caused Plaintiff great aggravation, humiliation, anxiety and other damages.

## II. JURISDICTION

4. Subject matter jurisdiction of this Court arises under the FDCPA, 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant regularly does business in this district and has caused harm in this district.

## III. PARTIES

6. Plaintiff John Tiedemann ("Tiedemann") is an individual who resides in Fairfield, PA at the address captioned.

7. Mr. Tiedemann is a "consumer" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant NRA Group, LLC, does business as National Recovery Agency and, upon information and belief, is a Pennsylvania limited liability company with a principal place of business in Harrisburg, PA, as captioned.

9. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant regularly collects debts and does business within the Middle District of Pennsylvania.

## IV. STATEMENT OF CLAIM

11. Plaintiff is disabled as a result of years of treatment for serious medical issues. Over the years he has incurred certain medical debts related to gaps in his Medicaid coverage.

12. Beginning in approximately of February 2010, Defendant NRA began sending collection letters and making collection phone calls to Plaintiff in the effort to collect those medical debts.

13. After receiving letters from NRA, Plaintiff sought the help from Legal Advocates for Seniors and People with Disabilities ("LASPD"), a legal aid organization out of Chicago, IL.

14. Beginning March 23, 2010, LASPD wrote letters to NRA stating "Please be advised that we represent John Tiedemann regarding your firm's attempts to collect the above-referenced debt." LASPD went on to state that NRA must "direct all future communications to [LASPD's] office."

15. Despite the letter from Mr. Tiedemann's counsel, NRA continued to send collection communications and make collection phone calls to Mr. Tiedemann.

16. LASPD sent representation letters again on January 3, 2011 and February 15, 2011, neither of which discontinued the steady stream of collection communications from NRA to Mr. Tiedemann.

17. In the past year, NRA placed over 100 calls to Mr. Tiedemann, sometimes calling every hour.

18. On June 27, 2012, LASPD sent another representation letter asking NRA to cease and desist its communications.

19. Still the incessant phone calls to Mr. Tiedemann did not cease. A small sampling of the repeated phone calls to Mr. Tiedemann from NRA Group after LASPD's June 27, 2012 letter, reveals that the debt collector placed calls on:

>July 19, 2012 at 1:41 p.m.
>July 20, 2012 at 4:11 p.m.
>July 23, 2012 at 3:32 p.m.
>August 6, 2012 at 1:41 p.m.

August 8, 2012 at 1:54 p.m.
August 14, 2012 at 2:37 p.m.
August 17, 2012 at 10:36 p.m.
and August 21, 2012 at 1:59 p.m.

20. On August 22, 2012, LASPD mailed yet another representation letter asking NRA to cease and desist.

21. Yet, NRA continued to ignore this fifth representation letter and continued to make repeated, annoying telephone calls to Mr. Tiedeman.

22. The calls continue unabated until this day. Mr. Tiedemann regularly receives multiple calls from NRA, at least one per day.

23. Due to Mr. Tiedemann's illness, he sleeps for portions during the daytime hours. NRA has been advised of this by LASPD, yet continues to call during daytime hours disturbing Mr. Tiedemann's already restless sleep.

24. NRA has also placed phone calls to Mr. Tiedemann's sister further causing Mr. Tiedemann aggravation, humiliation and distress.

25. NRA did not have a valid reason to contact Mr. Tiedemann's sister as it already had Mr. Tiedemann's location information as evidenced by the repeated collection letters and phone calls to his home. 15 U.S.C. § 1692c(b).

26. The incessant phone calls to Plaintiff and calls to his sister were made in the effort to harass and abuse Plaintiff and to intimidate him into paying an old medical account that he legitimately could not afford, 15 U.S.C. § 1692d, d(5).

27. NRA continued to contact Mr. Tiedemann through the mail and phone after knowing that he was represented by an attorney with respect to the debts NRA was attempting to collect, in violation of 15 U.S.C. § 1692c(a)(2).

4

28. The Defendant's repeated, annoying and harassing calls to Mr. Tiedemann's home and to his sister after knowledge of his representation by LASPD directly caused Mr. Tiedemann damage including *inter alia*: aggravation, humiliation, embarrassment, anxiety, sleeplessness, and other damages.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

30. The acts by Defendant described above violate the Fair Debt Collection Practices Act, in the following ways:

    (a) By engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of a debt, in violation of 15 U.S.C. §1692d;

    (b) By communicating with a consumer after the debt collector knows the consumer is represented by an attorney with respect to such debt in violation of 15 U.S.C. § 1692c(a)(2); and

    (c) By communicating with third parties, in violation of 15 U.S.C. §1692c(b).

**WHEREFORE,** Plaintiff John Tiedemann demands judgment against Defendant NRA Group, LLC, d/b/a National Recovery Agency for:

    (a) Damages;

    (b) Attorney's fees and costs;

    (c) Such other and further relief as the Court shall deem just and proper.

## V. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 02/27/13

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782